UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | : | |
|---|---|---|
| CARL L. MOORE, | : | |
| | : | Case No. 1:18-cv-394 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. 15, 16, 17, 20, 24, 52, 57, |
| BANK OF AMERICA, N.A., *et al.*, | : | 58, 59] |
| | : | |
| Defendants. | : | |
| | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Carl Moore sues a variety of defendants alleging that they fraudulently induced him to enter a mortgage contract knowing he would default.[1] He now moves to voluntarily dismiss his complaint.[2] Defendants Gallagher Sharp, LLP, and Safeguard Properties Management, LLC, oppose that motion.[3] They argue that they will be prejudiced if Plaintiff Moore is allowed to dismiss his complaint and later refiles it.[4]

Rule 41(a)(2) of the Federal Rules of Civil Procedure allows a plaintiff to voluntarily dismiss his complaint without the consent of the opposing party after that party has answered "only by court order, on terms that the [C]ourt considers proper." "[T]he purpose of Rule 41(a)(2) is to protect the nonmovant, here the defendants, from unfair treatment."[5] "A Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice."[6] Those terms can include requiring the plaintiff to pay a defendant's costs and attorney's fees.[7]

In this case, the Court does not believe that it would be proper to require Plaintiff Moore to

---

[1] *See generally* Doc. 1.
[2] Doc. 59.
[3] Doc. 60; Doc. 61.
[4] *See* Doc. 60 at 3–5; Doc. 61 at 3–5.
[5] *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009).
[6] *Id.* at 954.
[7] *See id.* at 954–55.

pay the Defendants' costs and attorney's fees *at this time*. After all, the Defendants have largely obtained what they sought through their answers and motions: the dismissal of Moore's complaint.

That said, if Plaintiff Moore later refiles his complaint (or one containing similar allegations based on the same facts), the expenses incurred defending this case will have been wasted.

The Court therefore **GRANTS** Plaintiff Moore's motion to voluntarily dismiss and **DISMISSES** his complaint **WITHOUT PREJUDICE**, provided that—should he refile the complaint or a similar complaint based on the same facts against the named defendants—he shall pay to any defendants named in that second complaint:

1. Reasonable attorney's fees they incurred in defending this case; and
2. Reasonable costs they incurred defending this case.

Proof of costs and fees incurred should be submitted to the court with jurisdiction over the refiled complaint. Plaintiff Moore should file any objections to these dismissal conditions within five working days of this Order.

As for Defendant Gallagher Sharp's and Defendant Safeguard Properties' motions for sanctions under Rule 11,[8] the Court **DENIES** those motions. While the complaint in this case is undeniably poorly drafted and fails to make clear how some defendants are related to Plaintiff Moore's claims, the Court does not (at this time) see any basis for concluding that Moore's attorney lacked a factual basis for suing the Defendants named in the complaint.

The Court **DENIES AS MOOT** all other pending motions in this matter, provided that Plaintiff Moore does not file objections by June 22, 2018.

IT IS SO ORDERED.

Dated: June 15, 2018            *s/     James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE

---

[8] Doc. 15; Doc. 16.